UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Todd Steven Webb, | ) | CASE NO. 4:12cv1842 |
| | ) | |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| Warden Robert Farley, | ) | AND ORDER |
| FCI Elkton, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Todd Steven Webb filed the above-captioned petition pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio, names F.C.I. Elkton Warden Robert Farley as Respondent. Webb seeks an Order directing the Respondent to follow Bureau of Prisons policy and refrain from imposing a classification that prevents his transfer to a federal prison camp.

BACKGROUND

Petitioner was sentenced to serve a federal prison term of 180 months in 2007.  The BOP website reveals he is scheduled for release from prison on April 7, 2018.  *See* www.bop.gov/iloc2.

In 2011, Webb submitted a request to F.C.I. Elkton staff seeking a nearer-release transfer to his family in Miami, Florida.  The request was denied on February 17, 2011.  Petitioner later reviewed his Custody Classification and noticed  his unit team applied a Code V, "Greater Severity" Management Variable (MV).  A Greater Severity score is applied to prisoners with a "serious history of violence."

Webb protested the designation and filed a Request for Administrative Remedy with FCI Elkton staff to direct the Designations and Sentence Computation Center (DSCC) in Grand Prairie,

Texas to remove the Greater Severity MV.  Warden Farley denied his request after reviewing the criminal history provided in Petition's Pre-Sentence Investigation Report (PSIR).  The PSIR indicated Webb pled guilty to Criminal Domestic Violence in South Carolina on November 19, 2000.  When Petitioner later failed to comply with the court imposed conditions of the plea, a bench warrant was issued for his arrest. Two years later, Webb was arrested on April 11, 2002, in South Carolina and charged with simple possession of marijuana, speeding, and criminal domestic violence.  Although the PSIR did not provide details of a subsequent conviction and sentence, it did indicate Webb was arrested for Failure to Appear on November 26, 2002.  Considering these facts, as well as the definition of a serious history of violence provided in the <u>Inmate Security and Designation and Custody Classification Manual</u>, Warden Farley concluded Petitioner's history of violence score was appropriately designated "serious." (Doc. No. 1-2 at 32).

Petitioner appealed to the Regional Director, who denied the request on May 23, 2011. Although the Director advised Petitioner of his right to appeal the decision to the General Counsel, there is no indication Webb pursued a final appeal.

In his petition before the court, Webb raises four grounds for relief: (1) entitlement to nearer release transfer; (2) removal of a Greater Severity MV; (3) declaration that BOP is violating its own policy; and, (4) declaration that the BOP is violating the Constitution and exceeding the scope of its discretion.

Webb argues that no BOP policy exists to bar male prisoners from being transferred to a federal prison camp because of a designated history of violence.  He claims the BOP is acting arbitrarily and in bad faith when it relies on this as a basis to deny him a nearer release transfer. Citing the BOP criteria for Greater Security classification,[1] Webb argues "domestic violence" is not

---

[1] **Greater Security**. There may be security concerns which are not adequately reflected in the classification

included in any of the suggested examples of a security risk. Moreover, he claims his domestic

violence conviction is "adequately reflected in the classification scheme" because 5 points were

added to his classification because of the domestic violence offense.  He argues it is, therefore,

excessive to apply a Greater Severity MV when the conviction motivating that decision has already

been taken into account.

Finally, Webb argues his right to due process is being violated by the BOP. Specifically, he

states that the BOP is arbitrarily denying his transfer without following the very policy it is using to

justify the denial of his request.  He avers this is the essence of due process because the BOP policy

is "not being followed AT ALL, a situation which is arbitrary, applied with caprice, and the very

definition of the denial of any sort of Due Process." (Doc. No. 1-1 at 25).  For the reasons set forth

below, Petitioner is not entitled to habeas relief.

## DISCUSSION

### A.  Standard of Review

Under 28 U.S.C. § 2241, it provides that: "The writ of habeas corpus shall not extend to a

prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. §2241(c)(3). I may dismiss the Petition at any time, or make any such disposition

as law and justice require, if I determine the Petition fails to establish adequate grounds for relief.

*See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.

---

scheme. In circumstances where an inmate represents a
greater security risk (*i.e., pending charges, detainer,
escape risk, etc.*) than their assigned security level,
they may be placed in an institution outside normal
guidelines, and this MGTV will apply.

PS §5100.08, Ch. 5, p. 5(emphasis added).

3

1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Section 2241 only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, to the extent a prisoner claims the BOP is improperly executing or interfering with the manner in which his or her sentence is being served, the prisoner shall file a petition in the court having jurisdiction over his or her custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

The Sixth Circuit has held that a prisoner's proper custodian, for purposes of habeas review, is the warden of the facility where he or she is being held.  *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).  Therefore, Petitioner has named the proper respondent in this action, his current custodian -  the warden at F.C.I. Elkton.  While this Court has personal jurisdiction over Petitioner's custodian, Webb is not entitled to habeas relief for the reasons stated below.

**B.  No Right to Prison Transfers**

BOP policy provides that "[i]nmates *may be considered* for a nearer release transfer only after serving 18 consecutive months of clear conduct in a general population. Nearer release transfers should be incorporated with "Lesser Security" transfers whenever possible." (BOP P.S. §5100 Chapter 7, p.4)(emphasis added).  Webb states he is a Florida resident who has already served over 60 months of his 15 year sentence, without a single disciplinary incident.  He argues these facts, alone, should immediately qualify him for a nearer release transfer.

Petitioner is not being held in violation of the Constitution.  As a threshold matter, pprisoners generally have no liberty interest in their placement or classification while incarcerated.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).  Therefore, without a liberty interest at stake, Webb

4

cannot assert any "right" to be transferred to a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (transfers and prison assignments are functions wholly within the discretion of the BOP).  To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id.* at 487. Petitioner has made neither showing. Without the loss of a liberty interest, Petitioner cannot argue he was deprived of his right to due process because his request for a prison transfer was denied.

The BOP classification procedure is within the discretion of the Attorney General, as delegated to the Director of the BOP.  *See* 18 U.S.C. § 4081.  As the warden and regional director both advised Petitioner, his MV expired on March 7, 2012.  It is thus within the discretion of the BOP to reconsider the denial of Petitioner's request for a nearer release transfer should he submit one to the agency in the future.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies that an appeal from this decision could not be taken in good faith.[2]

**So Ordered**.

 s/Jeffrey J. Helmick
*United States District Judge*

---

[2]    28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."